# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:08cv156

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ANTHONY Q. BOYKIN,** | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| **INLAND SERVICE CORP,** | ) |
| | ) |
| Garnishee. | ) |
| _____ | ) |

## WRIT OF CONTINUING GARNISHMENT

**GREETINGS TO:**   Inland Service Corporation
8404 E. Gore Blvd.
Lawton, OK 73501-9791
Attn: Mara Gill
Phone: 580-353-4556

An Application for a Writ of Garnishment against property of Anthony Q. Boykin (Defendant/Debtor) has been filed with this Court. A Judgment has been entered against the Defendant/Debtor. The current total amount

of $12,407.72, which includes the principal amount of $11,829.85, and interest at the rate of 2.09% and in the amount of $227.87 computed through April 29, 2009 is due and owing.

You, as Garnishee, are required by law to **answer in writing**, under oath, within ten (10) days of service of this Writ, whether or not you have in your custody, control or possession, any property, or funds owned by the debtor, including non-exempt, disposable earnings.

You **must withhold and retain** any property in which the Defendant/Debtor has a substantial non-exempt interest and for which you are or may become indebted to the Defendant/Debtor pending further Order of the Court. This means that you should withhold 25% of the Defendant/Debtor's earnings which remain after all deductions required by law have been withheld and 100% of all 1099 payments. See 15 U.S.C. § 1673(a).

Please state whether or not you anticipate paying the Defendant/Debtor any future payments and whether such payments are weekly, bi-weekly, monthly, annually or bi-annually.

You must file the original written Answer to this Writ within ten (10) days of your receipt of this Writ with the following office:

**Clerk of the United States District Court
401 West Trade Street
Charlotte, NC 28202**

Additionally, you are required by law to serve a copy of the Answer upon the Defendant/Debtor at his last known address:

**Anthony Q. Boykin
10705 Azure Valley Place
Charlotte, NC 28269-9956**

You are also required to serve a copy of the Answer upon the Plaintiff at the following address:

**Jennifer A. Youngs, Assistant United States Attorney
United States Attorney's Office
Financial Litigation Unit
227 West Trade Street, Suite 1650
Charlotte, NC 28202**

Under the law, there is property which may be exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this Order may be listed on the attached Claim for Exemption form.

Pursuant to 15 U.S.C. § 1674, you, the Garnishee, are prohibited from discharging the Defendant/Debtor from employment by reason of the fact that his earnings have been subject to garnishment for any one indebtedness.

Pursuant to 28 U.S.C. § 3205(c)(6), if you **fail to answer this Writ or fail to withhold** property or funds in accordance with this Writ, the United States of America may petition the Court for an Order requiring you to appear before the Court to answer the Writ and to withhold property before the appearance date.  If you fail to appear, or do appear and fail to show good cause why you failed to comply with this Writ, the Court shall enter a judgment against you for the value of the Defendant/Debtor's non-exempt interest in such property.   The Court may award a reasonable attorney's fee to the United States and against you if the Writ is not answered within the time specified.  It is unlawful to pay or deliver to the Defendant/Debtor any item attached by this Writ.

Signed: May 6, 2009

Martin Reidinger
United States District Judge

# CIVIL CLAIM FOR EXEMPTION FORM

You can claim Federal exemptions by checking items (a) through (l), pursuant to 11 U.S.C. §522(d) <u>or</u> you can claim exemptions under North Carolina State Law by using the attached NC State Form AOC_CV-407 Motion to Claim Exempt Property.

___ Federal Exemptions.
    XX. The first group of exemptions consists of property that is specified in section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

    (a)___     $20,200 of equity in your residence.
    (b)___     $3,225 of equity in a motor vehicle.
    (c)___     Jewelry worth up to $1,350.
    (d)___     Personal property worth up to $10,775. (However, no single item worth more than $525 can be claimed as exempt.)
    (e)___     Property totaling up to $1,075 in value, plus up to $10,125 of any unused amount of the exemption provided in number 11(a) above.
    (f)___     $2,025 of equity in professional books, implements or tools, of your trade or your dependant's trade.
    (g)___     Any unmatured life insurance contract you own, other than credit life insurance.
    (h)___     The aggregate value, up to $10,775, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.
    (i)___     Professionally prescribed health aids for you or your dependants.
    (j)___     Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.
    (k)___     A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(I)-(iii).

(l)      Your right to receive, or property that is traceable to,
- an award under a crime victim's reparation law;
- a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment, not to exceed $20,200, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;
- a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants.